**The document below is hereby signed.**

**Dated: July 9, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                 UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA

In re                            )
                                 )
REGINALD P. SHAW-RICHARDSON,     )   Case No. 12-00469
                                 )   (Chapter 13)
              Debtor.            )   Not for Publication in
                                 )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR
TEMPORARY WAIVER OF THE PREPETITION CREDIT COUNSELING
<u>REQUIREMENT AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED</u>

On his Exhibit D, the debtor has requested a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances. In support of that request, the debtor states as follows:

> I am currently the tenant of an apartment, leased by my father on my behalf. The landlord is seeking possession of the property and the case is schedule [sic] to be heard in DC Superior Court, Landlord Tenant Branch, on 6/29/2012 at 9:00 A.M., case number 14578-2012. I am unable financially to pay for the necessary required course until Friday, June 29, 2012.

For reasons explained in more detail below, the court will deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals

filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

Courts have consistently held that inability to pay for credit counseling does not constitute an exigent circumstance within the meaning of 11 U.S.C. § 109(h)(3)(A)(i), or otherwise state grounds for waiver of the prepetition credit counseling requirement.  See *In re Fortman*, 456 B.R. 370, 374 (Bankr. N.D.

2

Ind. 2011).[1]  Even if the court were to find that the pending eviction proceeding constitutes an exigent circumstance, the debtor has failed adequately to describe any prepetition request he made for credit counseling services from an approved non-profit budget and credit counseling agency.  It is

    ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) based upon exigent circumstances is DENIED.  It is further

    ORDERED that within 7 days after entry of this order, the debtor shall either file a valid prepetition credit counseling certificate or show cause, by a writing filed with this court, why this case ought not be dismissed based upon the debtor's ineligibility to be a debtor pursuant to 11 U.S.C. § 109(h).

                                             [Signed and dated above.]

Copies to:
Debtor; Chapter 13 Trustee; Office of United States Trustee.

---

[1] The court also notes that under 11 U.S.C. § 111(c)(2)(B) agencies are required to "provide services without regard to ability to pay the fee."